1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10   PENNY STAFFORD,                                    CASE NO. C12-1877MJP

11                    Plaintiff,                        ORDER GRANTING DEFENDANT
                                                        WEST ASSET MANAGEMENT,
12            v.                                        INC.'S MOTION FOR JUDGMENT
                                                        ON THE PLEADINGS
13   SUNSET MORTGAGE, INC.,  a Virginia
     corporation, a subsidiary of SUNTRUST
14   BANK, N.A; MORTGAGE
     ELECTRONIC REGISTRATION
15   SYSTEMS, INC., a Delaware corporation;
     FEDERAL NATIONAL MORTGAGE
16   ASSOCIATION, a United States
     government sponsored enterprise; FIRST
17   AMERICAN TITLE INSURANCE
     COMPANY, FORECLOSURELINK,
18   INC., a corporation; NORTHWEST
     TRUSTEE SERVICES, INC., a
19   Washington corporation WEST ASSET
     MANAGEMENT, INC., a corporation;
20   and DOE DEFENDANTS 1-100,

21                    Defendants.

22

23           THIS MATTER comes before the Court on Defendant West Asset Management, Inc.'s

24   motion for judgment on the pleadings.  (Dkt. No. 34.)  Having reviewed the motion, Defendant's

ORDER GRANTING DEFENDANT WEST ASSET
MANAGEMENT, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS- 1

1   response (Dkt. No. 36), Plaintiff's reply (Dkt. No. 39), and all related papers, the Court

2   GRANTS Defendant's motion.

3                                              **Background**

4            To purchase a home in Bothell, Washington, Plaintiff executed a promissory note in

5   favor of SunTrust Mortgage, Inc. ("SunTrust").  (Dkt. No. 9-1, "Complaint," at 6.)  The

6   corresponding deed of trust listed SunTrust as the lender, Mortgage Electronic Registration

7   Systems, Inc. ("MERS") as the beneficiary, and Washington Administrative Services as trustee.

8   (Id. at 27.)  On October 28, 2010, Northwest Trustee Services ("NWTS"), as an agent of

9   SunTrust, sent Plaintiff a Notice of Default for failure to pay her mortgage.  (Id. at 64-66.)  For

10  reasons unclear from the Complaint, several notices of trustee sales were issued from 2010-2012,

11  but the sales were ultimately cancelled.  Finally, in August 2012, NWTS, as the now successor

12  trustee, issued a Notice of Trustee Sale.  (Id. at 125-129.)  The notice listed the foreclosure sale

13  date as October 5, 2012.  (Id. at 126.)  This case was filed in September 2012 to enjoin the sale

14  and assert various claims for damages.  (Dkt. No. 1-1 at 21.)  Plaintiff does not allege any

15  foreclosure sale has occurred.

16           Because Plaintiff's Complaint is extensive, this Order focuses on the allegations against

17  Defendant West Asset Management, Inc. ("WAM").  The specific factual allegations against

18  Defendant WAM involve a single letter it sent to Plaintiff in April 2011.  (Id. at 105.)  The

19  letterhead displayed a Fannie Mae logo and business address.  (Id.)  The letter was not signed by

20  an individual, but instead closed with "Sincerely, Fannie Mae."  (Id.)  The letter stated:

21           Your mortgage loan with SunTrust Mortgage is currently delinquent and you may soon
             be facing foreclosure.  We understand you may not know where to go for help, how to
22           get started, or what options may be available, but we're here to help.

23

24

1    The letter's footer contained the advisement: "We are West Asset Management, Inc. working on

2    behalf of Fannie Mae, the owner of your mortgage." (Id.)  The second page of the letter

3    contained a "partner/legal disclaimer/debt collection notice." (Id.)  It stated: "This is an attempt

4    to collect a debt and any information obtained will be used for that purpose. This communication

5    is from a debt collector." (Id.)  Additionally, the letter warned that if Plaintiff did not dispute the

6    debt within thirty days of the letter, Defendant WAM would assume the debt was valid. (Id.)

7        Defendant WAM now moves for a judgment on the pleadings. (Dkt. No. 34.)

8                                            **Discussion**

9        A.  Legal Standard

10        After the pleadings are closed, a party may move for judgment on the pleadings.  Fed. R.

11   Civ. P. 12(c).  Although a 12(c) motion is made after a complaint has been answered, when such

12   a motion is made by a defendant it is treated as a Rule 12(b)(6) motion for failure to state a

13   claim. See Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). A complaint must contain

14   factual information, which if accepted as true states a plausible claim on its face. Ashcroft v.

15   Iqbal, 556 U.S. 662, 678 (2009).  Legal conclusions "can provide the framework of a complaint,"

16   but they must be supported by factual allegations.  Id. at 679.  Complaints are not required to

17   contain detailed factual allegations, but they must be more than speculation.  Bell Atl. Corp. v.

18   Twombly, 550 U.S. 544, 555 (2007).

19        Because the April letter from Defendant WAM is referenced by and attached to the

20   Complaint, the Court may consider it in deciding this motion.  Raima, Inc. v. Myriad France,

21   SAS, 2012 WL 6201709 (W.D. Wash. Dec. 11, 2012) (holding a document may be incorporated

22   by reference into a complaint if the plaintiff refers extensively to it or forms the basis of his

23   claim on it).

24

B.  <u>Wrongful Foreclosure</u>

Plaintiff identifies several irregularities in the foreclosure proceedings of her home. (Complaint at 15.)  She claims:

> Defendants have engaged in a wrongful foreclosure action against the Plaintiff, that said efforts were conduct without the knowledge or express authority of the true and lawful owner and holder of the subject Note and Deed of Trust and Defendants' foreclosure efforts should be declared unlawful and enjoined pursuant to RCW 61.24.130.

(Complaint at 16, ¶ 4.6)

Plaintiff's claim for wrongful foreclosure fails as a matter of law because she does not allege any foreclosure of the property has occurred, a prerequisite for a claim under Washington's Deed of Trust Act ("DTA"), RCW 61.24 <u>et seq</u>.  As this Court has repeatedly ruled, Washington law does not recognize a claim for wrongful initiation of a non-judicial foreclosure when no sale occurs. <u>Vawter v. Quality Loan Serv. Corp. of Wash.</u>, 707 F.Supp. 2d 1115, 1123 (W.D. Wash. 2010); <u>McDonald v. OneWest Bank, FSB</u>, 2013 WL 858178, at *5 (W.D. Wash. Mar. 7, 2013).  Instead, a Plaintiff may seek an injunction. <u>McDonald</u>, at *5. Until then, "a borrower's only remedy under the [DTA] is to seek to enjoin the sale." <u>Id.</u>

Here, the Complaint does not allege any successful foreclosure of Plaintiff's home. Without a foreclosure sale, Plaintiff cannot assert a claim for damages for irregular foreclosure proceedings under the DTA.

Plaintiff argues the Washington Supreme Court's decision in <u>Bain v. Metropolitan Mortg. Group, Inc.</u>, 175 Wn.2d 83 (2012), recognized a claim a wrongful foreclosure claim based on irregular foreclosure proceedings. (Dkt. No. 36 at 16.)  Plaintiff is incorrect both legally and factually.  Legally, Plaintiff mischaracterizes the holding of <u>Bain</u>.  <u>Bain</u> addressed, on a certified question from this Court, whether MERS can be a lawful beneficiary on a deed of trust when it is not the holder of the promissory note.  <u>Id.</u> at 98.  In a related inquiry, the Court held listing

MERS on the deed of trust, when it does not hold the note, is deceptive and may constitute a per se violation under the Consumer Protection Act.  Id. at 115.  Contrary to Plaintiff's characterization, Bain did not address whether other "irregularities" in foreclosure proceedings give rise to a claim for damages under the DTA.

Factually, Bain is also inapplicable here because Plaintiff does not allege Defendant WAM was ever listed as the beneficiary on the deed of trust.  Nor does Plaintiff allege Defendant WAM participated in any foreclosure proceedings.  The only allegation against Defendant WAM is that it sent a letter advising Plaintiff of programs available to her to prevent foreclosure.  Bain simply does not stand for the proposition Plaintiff suggests, nor does it apply to the facts of this case.

Because Washington law requires a foreclosure sale before a homeowner can seek damages for wrongful foreclosure, Plaintiff claim fails as a matter of law.  The Court GRANTS Defendant WAM's motion with regard to wrongful foreclosure.

C.  Consumer Protection Act

Plaintiff alleges Defendant WAM violated the Consumer Protection Act ("CPA"). Specifically, she claims defendants engaged in unfair and deceptive business practices through "the preparation, execution, service, recording and reliance upon documents that they knew or should have known to be false and misleading that have the capacity to deceive a substantial portion of the public."  (Complaint at 16, ¶ 5.2)

To succeed on her CPA claim, Plaintiff must prove five elements: (1) an unfair or deceptive act or practice; (2) which occurred in trade or commerce; (3) with public interest impact; (4) caused injury to plaintiff in his or her business or property; and (5) causation. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780 (1986).

1      Here, Plaintiff's CPA claim is not viable because she fails to allege a deceptive act or

2  unfair business practice.  First, by lumping all of the named defendant's actions together, the

3  Court cannot ascertain the specific factual allegation against Defendant WAM.  For example, she

4  claims in Paragraph 5.3 that "Defendants" misidentified the holder of the note and should have

5  named Fannie Mae.  But, the April letter actually stated: "We are West Asset Management, Inc.

6  working on behalf of Fannie Mae, the owner of your mortgage."  (Id.)  Plaintiff's theory of a

7  deceptive act is contrary the actual language of the letter.  She attempts, without success, to

8  clarify her position in the responsive pleading to this motion by suggesting the acts of Defendant

9  WAM contributed to the other defendants' "collective efforts" to deceive her.  (Dkt. No. 36 at

10  19-20.)  But, again, the April letter is contrary to this position and Plaintiff does not plead any

11  facts to support this argument.

12      Plaintiff attempts to shoehorn the Washington State Supreme Court's ruling in Bain, 175

13  Wn.2d at 83, to suggest the April letter was a deceptive or an unfair business practice.  (Dkt. No.

14  36 at 15.)  As discussed above, Bain addressed a wholly different set of factual and legal issues.

15  And, contrary to Plaintiff's urgings, Bain cannot be read to apply to every communication about

16  a mortgage in default, even where foreclosure proceedings have not yet commenced.  The Court

17  finds Bain has no application here.

18      Further, even if Plaintiff could prove the April letter constitutes a deceptive act or unfair

19  business practice, her CPA claim still fails because she does not allege specific facts regarding

20  causation or injury.  As to causation, she does not allege, for example, having read the April

21  letter, her reliance on the representations in it, or that she took any step based on the letter.  Also

22  fatal to the CPA claim is her failure to allege any injury resulting from the April letter.  She

23

24

1    pleads generalized injuries as to all of defendant's actions, but fails to show the April letter was

2    the proximate cause of any specific injury.

3            Therefore, the Court GRANTS Defendant WAM's motion to dismiss Plaintiff's CPA

4    claim.

5            D.    Fair Debt Collection Practices Act

6            Plaintiff's Fair Debt Collection Practices Act ("FDCPA") claim is time barred.  Under the

7    FDCPA, a claim must be brought within one year of the alleged violation.  15 U.S.C.A. §

8    1692k(d).  Defendant WAM's letter is dated April 27, 2011.  (Complaint at 105.)  Plaintiff filed

9    the initial suit in Snohomish County on September 12, 2012, more than one year after Defendant

10   WAM sent the letter.  (Complaint at 2.)

11           The Court notes in limited circumstances the one-year statute of limitations may be

12   extended where a defendant's actions are part of a continuing pattern of conduct.  Joseph v. J.J.

13   Mac Intyre Companies, L.L.C., 281 F. Supp. 2d 1156, 1161 (N.D. Cal. 2003).  In Joseph, the

14   defendant called the plaintiff over 200 times, 75 of which were within the statute of limitations

15   period.  Id. at 1162.  The Joseph Court found this conduct constituted a "continuing pattern," and

16   allowed the earlier calls–those outside the statute of limitations–to be considered as part of an

17   on-going violation of the FDPCA.  Id. at 1160-62.  Here, the Complaint fails to allege any facts

18   suggesting the April letter was part of an on-going or continuing course of conduct.  Although

19   Plaintiff attempts to characterize Defendant WAM's actions as part of or in concert with the acts

20   other defendants, she offers no legal authority for the proposition that an FDCPA claim can exist

21   based on collective acts.  Consequently, the April letter was a discrete act and, therefore, barred

22   by the one-year statute of limitations.  The Court DISMISSES the FDCPA claim.

23   //

24

E.  <u>Washington's Criminal Profiteering Act</u>

To establish a claim under Washington's Criminal Profiteering Act, a plaintiff must show

that the defendants engaged in a pattern of criminal profiteering, which means:

> [E]ngaging in at least three acts of criminal profiteering, one of which occurred after July 1, 1985, and the last of which occurred within five years . . . after the earliest act of criminal profiteering. In order to constitute a pattern, the three acts must have the same or similar intent, results, accomplices, principals, victims, or methods of commission, or be otherwise interrelated by distinguishing characteristics including a nexus to the same enterprise, and must not be isolated events.

RCW 9A.82.010(12).  In addition, to show a pattern under the Criminal Profiteering Act, a

plaintiff must also show relationship plus continuity. <u>State v. Barnes,</u> 85 Wn. App. 638, 667

(1997).

Plaintiff alleges Defendant WAM is liable because it attempted "to collect a debt for

which they have no lawful interest," in violation of RCW 9A.82.045. (Dkt. No. 36 at 24).  As

alleged in the Complaint, Defendant WAM's conduct does not violate RCW 9A.82.045.  First, to

violate the Act, a person must knowingly collect an unlawful debt.  An unlawful debt means:

> any money or other thing of value constituting principal or interest of a debt that is legally unenforceable in the state in full or in part because the debt was incurred or contracted:
> (a) In violation of any one of the following:
> (i) Chapter 67.16 RCW relating to horse racing;
> (ii) Chapter 9.46 RCW relating to gambling;
> (b) In a gambling activity in violation of federal law; or
> (c) In connection with the business of lending money or a thing of value at a rate that is at least twice the permitted rate under the applicable state or federal law relating to usury.

RCW 9A.82.010(21).  Defendant WAM sent a letter pertaining to Plaintiff's home mortgage.

Plaintiff does not allege the mortgage debt was incurred in any of the ways listed in RCW

9A.82.010(21) for it to constitute an "unlawful debt."  Consequently, Plaintiff's claim of

Criminal Profiteering fails.

ORDER GRANTING DEFENDANT WEST ASSET
MANAGEMENT, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS- 8

1        But, even if Defendant WAM violated the provisions of RCW 9A.82.045, Plaintiff fails

2  to also allege any multiple acts or profiteering and continuity.  Both are prerequisites for a claim

3  under Chapter 9A.82 RCW.  Therefore, the Court GRANTS Defendant WAM's motion with

4  regard to the Criminal Profiteering Act.

5        F.  <u>Quiet Title</u>

6        Plaintiff does not allege facts to show Defendant WAM asserts an interest in her

7  property, which is a prerequisite to a quiet title action.  Without an allegation that Defendant

8  WAM claims title or an interest in the property, no quiet title action exists. RCW 7.28.010; <u>See</u>

9  <u>Kobza v. Tripp</u>, 105 Wash. App. 90, 95 (2001).

10        Plaintiff contends Defendant WAM was an agent for other defendants and her quiet title

11  action can therefore proceed.  (Dkt. No. 36 at 25.)  Plaintiff offers no case law for the proposition

12  that an agent, without any ownership interest, may be liable in a quiet title.  Such a theory is

13  contrary to the legal basis of a quiet title action: to discern ownership between parties claiming

14  an interest in the property.  RCW 7.28.010.

15        Because Plaintiff fails to allege Defendant WAM has any claim to ownership the claim

16  cannot proceed.  The Court dismisses the quite title claim against Defendant WAM.

17        E. <u>Request to Amend</u>

18        Plaintiff requests leave to amend her Complaint to correct its deficiencies should this

19  Court grant Defendant WAM's motion.  Plaintiff does not identify any specific amendments she

20  would make to her Complaint.  Local Rule 15 requires a party moving for leave to amend "attach

21  a copy of the proposed amended pleading as an exhibit."  Plaintiff fails to meet this requirement.

22  Because the Court lacks sufficient information, it cannot grant Plaintiff's vague request to amend

23  her complaint.

24

1

**Conclusion**

2       The Court GRANTS Defendant WAM's motion for judgment on the pleadings.  On

3  Plaintiff's claims for wrongful foreclosure, violation of the FDCPA, violation of the Criminal

4  Profiteering Act, and Quiet Title action, the Court DISMISSES these with prejudice, because no

5  set of additional facts could revive these claims.  However, the Court DISMISSES the CPA

6  claim without prejudice.  The clerk is ordered to provide copies of this order to all counsel.

7       Dated this <u>29th</u> day of April, 2013.

8

9       _____

10      Marsha J. Pechman
        Chief United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT WEST ASSET
MANAGEMENT, INC.'S MOTION FOR
JUDGMENT ON THE PLEADINGS- 10