UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNY STAFFORD,

            Plaintiff,

      v.

SUNTRUST MORTGAGE INC, et al,

            Defendants.

CASE NO. C12-1877-MJP

ORDER GRANTING MOTIONS
FOR SUMMARY JUDGMENT

This matter comes before the Court on the motions of Defendants Northwest Trustee Services (Dkt. No. 64), SunTrust Mortgage Inc., MERS, and Federal National Mortgage Association (Dkt. No. 68) for summary judgment.  Having reviewed the motions and all related papers, the Court GRANTS the motions.

**Background**

This is a foreclosure case involving the mortgage on Plaintiff Penny Stafford's home.  In 2004, Stafford obtained a home loan from SunTrust Mortgage, Inc.  (Dkt. No. 1-1 at 23.)  SunTrust indorsed the original Note in blank and placed it SunTrust's vault, where it remains.  (Dkt. No. 69-3 at 15.)  Stafford secured the mortgagee with a deed of trust ("DOT") on the

1   property. (Dkt. No. 1-1 at 27.)  The DOT listed the "lender" as SunTrust Mortgage, Inc.; the

2   "Trustee" as Washington Administrative Systems, Inc.; and MERS as a beneficiary in nominee

3   for the original lender SunTrust and its successors and assigns.  (Id. at 28.)  Within a month, the

4   SunTrust loan was sold to Federal National Mortgage Association ("Fannie Mae"), who still

5   owns it. (Dkt. Nos. 69-5 at 10, 69-4 at 6.)  SunTrust continues to service the loan and is

6   contractually authorized to proceed, on Fannie Mae's behalf with foreclosures.  (Dkt. No. 69-4 at

7   15.)

8          A Notice of Default was issued in 2005 to Stafford when she failed to make payments on

9   the loan. (Dkt. No. 1-1 at 48.)  Stafford negotiated a forbearance agreement and the foreclosure

10  was discontinued.  (Dkt. No. 69-4 at 11.)  In 2010, Stafford again stopped making payments on

11  her loan. (Dkt. No. 9-22 at 4.)  A Notice of Default was issued by SunTrust through its agent

12  Northwest Trustee Services, Inc. ("NWTS").  SunTrust recorded an appointment as successor

13  trustee on October 12, 2011, in favor or NWTS.  NWTS issued two Notices of Trustee Sales.

14  (Dkt. No. 1-1 at 64-67, 110, 112-115, 112-115, 125-129.)

15         In response to the notices, Stafford applied for, but was denied, a loan modification.

16  (Dkt. No. 69-1 at 26.)  She also sent seven letters to SunTrust, labeled "Qualified Written

17  Requests" between May and October 2012.  (Id. at 146, Dkt. No. 69-2 at 1-132.)  SunTrust

18  responded to these letters.  (Id.)

19         Stafford sued SunTrust, MERS, Fannie Mae, First American Title Insurance Company,

20  NWTS, West Asset Management, and Foreclosure Link in Snohomish County Superior and

21  Small Claims Courts.  (Dkt. No. 1.) The cases were consolidated and Defendants timely removed

22  the case to this Court.  (Id.)

23

24

1    Before the Court are motions for summary judgment from SunTrust, MERS, and Fannie

2  Mae (Dkt. No. 68) and from NWTS (Dkt. No. 64).  Plaintiff never timely filed a response to the

3  motions.  Before these motions noted however, Stafford filed for bankruptcy protection.  (Dkt.

4  No. 74.)  After the bankruptcy stay was lifted and these motions renoted, Plaintiff again did not

5  timely file any opposition.  After the motion she noted in February 2014, she filed a response to

6  SunTrust's "notice of no opposition."  (Dkt. No. 87.)  Defendants SunTrust, MERS, and Fannie

7  Mae move to strike the opposition as untimely.  (Dkt. No. 90.)

8  **Analysis**

9  A.  Legal Standard

10    Summary judgment is proper only if the pleadings, the discovery and disclosure materials on

11  file, and any affidavits show that there is no genuine issue as to any material fact and that the

12  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving party is

13  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

14  showing on an essential element of a claim in the case on which the nonmoving party has the

15  burden of proof.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

16    A motion for summary judgment should not be granted simply because there is no

17  opposition, even if the failure to oppose violated a local rule.  Henry v. Gill Indus., 983 F.2d 943,

18  950 (9th Cir. 1993). Rather, the moving party must demonstrate the absence of genuine issues of

19  material fact, regardless of whether the party against whom the motion for summary judgment is

20  directed has filed any opposition.  Cristobal v. Siegel, 26 F.3d 1488, 1491 (9th Cir. 1994).

21  B.  Motion to Strike

22    Defendants move to strike Plaintiff's response to the motions as untimely.  (Dkt. No. 90.)

23  Under this Court's local rules, Plaintiff's response was due on February 24, 2014.  LCR 7(d)(3).

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 3

1  Plaintiff waited until after Defendants' reply and the motion had noted on February 28, 2014, to

2  file any response.  (Dkt. No. 87.)  She did not seek leave to file a late response nor offer any

3  explanation for her tardiness.  As such it was untimely and the Court GRANTS the motion to

4  strike.  Although the Court does not consider the late response, it considers the exhibits attached

5  where they appear elsewhere in the record, like those attached to the declaration of Plaintiff.

6     C.  Deed of Trust Act

7       Plaintiff's Deed of Trust Act ("DTA") claims are (1) allegations that none of the Defendants

8  could initiate foreclosure proceedings because they neither held the note or were a beneficiary

9  under the DOT; (2) the initiation of foreclosure proceedings was wrongful; and (3) the use of

10  MERS was intended to deceive Plaintiff about who owned her loan.  (Dkt. No. 1-1 at 15.)

11  Although a foreclosure sale was schedule for Plaintiff's home, it was eventually cancelled.  (Id.

12  at 14.)  She seeks unspecified damages for these alleged pre-foreclosure irregularities.  (Id. at 20-

13  21.)

14       This Court addressed a nearly identical claim in Frias v. Asset Forfeiture Servs., Inc., Case

15  No. C13–0760–MJP, Dkt. No. 48 at 3 (W.D.Wash. Sept. 25, 2013).  In Frias, this Court

16  concluded that Washington law is unclear about whether a claim exists for damages under the

17  DTA in the absence of a completed trustee's sale and certified questions to the Washington

18  Supreme Court asking: 1) whether a plaintiff may state a claim for damages related to a breach

19  of the DTA in the absence of a completed trustee's sale; and 2) if so, what principles govern his

20  or her claim under the CPA and the DTA.  This Court is still waiting for the Washington

21  Supreme Court's answers.

22        The Court finds no reason to stay these proceedings in anticipation of the Frias opinion

23  because there are no genuine issues of material fact as to any of Stafford's DTA claims.

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 4

1    First, she claims that SunTrust initiated foreclosure proceedings without the authorization

2    of Fannie Mae and without authority under the DTA. (Dkt. No. 1-1 at 14.) But the record before

3    this Court shows that SunTrust has held the Note, indorsed in blank, in its vault since 2004.

4    (Dkt. No. 71 at 4.)   As such, it was entitled to appoint NWTS to commence foreclosure

5    proceedings.   See RCW 61.24.005(2); McDonald v. OneWest Bank, FSB, 2013 WL 858178, 4

6    (W.D.Wash. March 7, 2013).   Even if Fannie Mae has an interest in the loan, the SunTrust, as

7    the holder of the Note, has the authority to enforce it.   Corales v. Flagstar Bank, FSB, 22 F.Supp.

8    1102, 1107 (W.D.Wash. 2011).   Thus, Stafford's claims that SunTrust could not enforce the

9    DOT or that NWTS was improperly appointed lack any genuine issues of material fact.

10    Nor is there any factual dispute that the initial Notice of Default was defective.  Plaintiff

11    alleges "Northwest Trustee knew or should have known that SunTrust was not the owner or

12    holder of the subject Promissory Note and Deed of Trust on October 28. 2010." (Dkt. No. 1-1 at

13    9.) As described above, this claim has no merit.  SunTrust held the Note when the notices were

14    issued.  Stafford's similar claims regarding the Notice of Trustee's Sale and Amended Notice of

15    Trustee Sale fail too by this same reasoning.  (Id. at 12-13.)  Additionally, NWTS was entitled to

16    rely on the Washington Contract Declaration as proof of SunTrust's compliance with the DTA.

17    See Trujillo v. Northwest Trustee Services, Inc., 326 P.3d 768 (2014).

18    Finally, Stafford contends that MER's involvement itself voids any foreclosure efforts

19    because it is not a proper beneficiary.  (Dkt. No. 1-1 at 14-15.)  Numerous courts have rejected

20    this argument and this Court does so too.  See Walker v. Quality Loan Serv. Corp., 176 Wn.

21    App. 294, 322–23 (2013), Wasson v. Sorenson, 179 Wn. App. 1004 (2014).

22

23

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 5

1    In sum, the Court finds no genuine issue of material fact for trial on Stafford's claim of

2    presale irregularities in violation of the DTA.  The Court GRANTS summary judgment in favor

3    of SunTrust, MERS, Fannie Mae, and NWTS on the wrongful foreclosure and DTA claims.

4    D.  Consumer Protection Act

5    Plaintiff asserts a violation of the Consumer Protection Act ("CPA").  To prevail in a

6    CPA claim, the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in

7    trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property,

8    and (5) causation.  Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27 (2009).

9    Against NWTS, Plaintiff fails to show it engaged in an unfair or deceptive act.  Stafford

10   alleges in her complaint that NWTS should have known SunTrust was not the actual holder of

11   the Note and that instead Fannie Mae owned the Note.  (Dkt. No. 101- at 16.)  As described

12   above, SunTrust held the note and NWTS could legally commence foreclosure proceedings.  See

13   RCW 61.24.030(7).  Nor is there any merit to Stafford's claims that NWTS acted deceptively

14   when it alleged MERS was the beneficiary because the notices themselves never identified

15   MERS as the beneficiary.

16   Plaintiff's claim also fails on the elements of injury and causation.  Plaintiff suggests she

17   would have modified her loan, if she had known of Fannie Mae's ownership before June 21,

18   2012. (Dkt. No. 87 at 12.)  Plaintiff offers only speculation to support this contention.  Nelson v.

19   Pima Cmty. Coll., 83 F.3d 1075, 1081–82 (9th Cir. 1996)("[M]ere allegation and speculation do

20   not create a factual dispute for purposes of summary judgment.")  Even in the light most

21   favorable to her as the non-moving party, Plaintiff fails to show a genuine issue of material fact

22   for trial.  Likewise, Plaintiff fails to show MERS's role in these transactions or disclosure of

23   Fannie Mae's ownership of the note proximately caused any of these speculated injuries.

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 6

1    The Court GRANTS summary judgment on Plaintiff's CPA claim in favor of the moving

2    Defendants.

3    E.  Little RICO

4    The Criminal Profiteering Act gives a civil cause of action to a person injured in his

5    "person, business, or property by an act of criminal profiteering that is part of a pattern of

6    criminal profiteering, or by an offense defined in [several criminal statutes]."  RCW §

7    9A.82.100(1)(a).  In addition, to show a pattern under the Criminal Profiteering Act, a plaintiff

8    must also show relationship plus continuity.  State v. Barnes, 85 Wn. App. 638, 667 (1997).

9    Here, the record contains nothing to support Plaintiff's Little RICO claim.  The moving

10   Defendants' role in Ms. Stafford's loan consists of origination, servicing that loan, and sending

11   her notices regarding her foreclosure.  These acts fall well short of the requirements for a civil

12   conspiracy under RCW 9A.82.  The Court GRANTS summary judgment on this claim in favor

13   of Defendants.

14   F.  Fair Debt Collection Practices Act

15   Stafford's Fair Debt Collection Practices Act ("FDCPA") claims also fail.  The FDCPA does

16   not apply to those efforts related to a non-judicial foreclosure sale.  See McDonald v. OneWest

17   Bank, FSB, 2012 WL 55147, * 4 n. 6 (W.D.Wash. Feb. 21, 2012).  Moreover, SunTrust acquired

18   the loan before Plaintiff defaulted, thus falling within another exemption to the term "debt

19   collectors."  See section 1692(6)(F); Beaton v. JPMorgan Chase Bank N.A., 2013 WL 1282225,

20   3 (W.D.Wash. March 26, 2013).  As to MERS, it took no actions to collect a debt, the predicate

21   act for a FDCPA. Michelson v. Chase Home Finance, LLC, 2012 WL 3240241, *5 (W.D.Wash.

22   Aug. 7, 2012).  Finally, to the extent Plaintiff's claim is premised on Fannie Mae's

23   communication with Stafford in April 27, 2011, or NWTS's issuance of a Notice of Default in

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 7

1  2010, it is time barred.  A FDCPA claim must be filed within one-year of the alleged violation.

2  15 U.S.C. §1692k(d).

3      The Court GRANTS summary judgment in favor of SunTrust, Fannie Mae, MERS, and

4  NWTS on the FDCPA claim.

5      G.  Quiet Title

6      In Washington, quiet title and cloud of title actions are governed by RCW 7.28.010.  "RCW

7  7.28.010 requires that a person seeking to quiet title establish a valid subsisting interest in

8  property and a right to possession thereof."  Wash. Sec. & Inv. Corp. v. Horse Heaven Heights,

9  Inc., 132 Wn. App. 188, 195 (2006).  Accordingly, to maintain a quiet title action against a

10  mortgagee, a plaintiff must first pay the outstanding debt on which the subject mortgage is based.

11  Thein v. Recontrust Co., N.A., 2012 WL 527530, at *2 (W.D.Wash. Feb.16, 2012).

12      Plaintiff fails to show she has paid the outstanding debt on the Note.  On the contrary, the

13  record before this Court shows she defaulted on her loan and has not continued to make

14  payments.  (Dkt. No. 69-1 at 19.)  Moreover, none of the moving Defendants have asserted an

15  interest in the property, an essential element of a quiet title claim.  (Dkt. No. 64 at 15.)

16  Plaintiff's quiet title claim fails as a matter of law.

17      H.  RESPA

18      Plaintiff asserts a RESPA claim against only SunTrust for the May 11, 2012 letter.  (Dkt.

19  No. 9-17 at 8-13.)

20      RESPA provides in pertinent part:

21      If any servicer of a federally related mortgage loan receives a qualified written
       request from the borrower (or an agent of the borrower) for information relating
22      to the servicing of such loan, the servicer shall provide a written response
       acknowledging receipt of the correspondence within 20 days (excluding legal
23      public holidays, Saturdays, and Sundays) unless the action requested is taken
       within such period.

24

12 U.S.C. § 2605(e)(1)(A). A "Qualified Written Request" ("QWR") is defined as a written document including the name and account of the borrower and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). A QWR is not, however, a demand for first hand evidence regarding the original promissory note. Segle v. PNC Mortg. 2011 WL 1098936, at *4 (W.D.Wash. March 25, 2011).

Here, Stafford's May 11, 2012 letter does not qualify as a QWR. It contains no statement regarding how she believed her account was in error. (Dkt. No. 69-1 at 150.) Instead, it is a demand letter regarding her original promissory note and loan. But even if that was not the case, SunTrust reasonably responded to the letter in a timely matter and providing her with the information requested. (Dkt. No. 69-2 at 10.)

Because there is no genuine issue of material fact as to Plaintiff's RESPA claim, summary judgment is GRANTED in favor of SunTrust.

## Conclusion

The Court finds no genuine issue of material fact for trial on Plaintiff's DTA claims, CPA claims, FDCPA claims, Little RICO claims, Quiet Title claims, and RESPA claims against Fannie Mae, SunTrust, MERS, and NWTS. Defendants' motions for summary judgment (Dkt. Nos. 64, 68) are GRANTED.

//

//

//

//

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 9

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated this 31st day of July, 2014.

3

4                                              Marsha J. Pechman
                                               Chief United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTIONS FOR SUMMARY
JUDGMENT- 10